IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOSE ANDABLO,                            §
                                         §
                    Plaintiff,           §
                                         §   Civil Action No. 3:12-CV-0560-D
VS.                                      §
                                         §
MICHAEL J. ASTRUE,                       §
COMMISSIONER OF SOCIAL                   §
SECURITY ADMINISTRATION,                 §
                                         §
                    Defendant.           §

MEMORANDUM OPINION

        Plaintiff Jose Andablo ("Andablo") brings this action under § 205(g) of the Social

Security Act, 42 U.S.C. § 405(g) (the "Act"), for judicial review of the Commissioner of

Social Security's ("Commissioner's") final decision denying his claim for disability

insurance benefits under Title II of the Act.  For the reasons that follow, the Commissioner's

decision is affirmed.

I

        In 2009 Andablo applied for a period of disability and disability insurance benefits

alleging that he had been disabled since March 31, 2004.[1]  His application was denied

initially and on reconsideration.  Andablo requested a hearing before an administrative law

judge ("ALJ"), which was held in March 2010.

        The ALJ followed the five-step sequential process prescribed in 20 C.F.R.

_____

        [1]The ALJ determined that Andablo last met the insured status requirements of the Act
on December 31, 2008.  Andablo does not challenge on appeal the date last insured.

§ 404.1520(a)(4) (2012) and concluded that (1) Andablo did not engage in substantial gainful activity during the period from the alleged onset date to the date last insured; (2) he had the severe impairments of lumbar degenerative disc disease and lumbar radiculopathy; (3) he did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) he had the residual functional capacity ("RFC") to lift and carry twenty pounds occasionally and ten pounds frequently; he could sit, stand and/or walk six hours in an eight-hour workday; he was limited to occasionally climbing ramps and stairs, could occasionally stoop, kneel, crouch, and crawl, but must avoid ladders, ropes and scaffolds; and he had no limit in pushing or pulling with his hands or feet, or any manipulative, visual, communicative, or environmental limitations; (5) he was unable to perform any past relevant work; and (6) considering his age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Andablo could perform.  Therefore, the ALJ determined that Andablo was not "disabled" within the meaning of the Act for any time between the alleged onset date and the date last insured.  Andablo's request for review of the ALJ's decision was denied by the Appeals Council, and the ALJ's decision became the final decision of the Commissioner.

Andablo now seeks judicial review, contending that the ALJ erred at step five because Andablo's actual education level renders him unable to perform the proposed available work. Andablo raises two other grounds related to the ALJ's conclusion at step five: the ALJ erred in discounting the opinion of Andablo's vocational evaluator and in classifying Andablo's

education level as "limited" instead of "marginal" or "illiterate."

II

The court's review of the Commissioner's decision is limited to determining whether substantial evidence supports the decision and whether the Commissioner applied the proper legal standards to evaluate the evidence. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). "The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (footnotes omitted). "The court may not reweigh the evidence or try the issues de novo or substitute its judgment for that of the [Commissioner]." *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984) (citations omitted). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (per curiam). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990) (per curiam)). "To make a finding of 'no substantial evidence,' [the court] must conclude that there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir. 1983) (citation omitted). Even if the court

should determine that the evidence preponderates in the claimant's favor, the court must still affirm the Commissioner's findings if there is substantial evidence to support these findings. *See Carry v. Heckler*, 750 F.2d 479, 482 (5th Cir. 1985). The resolution of conflicting evidence is for the Commissioner rather than for the court. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (per curiam).

For purposes of social security determinations, "disability" means an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In determining whether an applicant is disabled, the ALJ follows a five-step sequential analysis. *See, e.g., Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If the ALJ finds that the claimant is disabled or is not disabled at any step in the analysis, the analysis is terminated. *Id.* Under the five-step sequential inquiry the Commissioner considers whether (1) the claimant is presently engaged in substantial gainful activity, (2) the claimant's impairment is severe, (3) the claimant's impairment meets or equals an impairment listed in 20 C.F.R. § 404.1520, Subpart P, Appendix 1, (4) the impairment prevents the claimant from doing past relevant work, and (5) the claimant cannot presently perform relevant work that exists in significant numbers in the national economy. *See, e.g., Leggett*, 67 F.3d at 563–64 n. 2; *Martinez*, 64 F.3d at 173–74; 20 C.F.R. § 404.1520(a)(4). "The burden of proof is on the claimant for the first four steps, but shifts to the [Commissioner] at step five." *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (per

- 4 -

curiam) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632–33 (5th Cir. 1989) (per curiam)). "If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000) (quoting *Crowley v. Apfel*, 197 F.3d 194, 198 (5th Cir. 1999)).

When determining the propriety of a decision of "not disabled," this court's function is to ascertain whether the record considered as a whole contains substantial evidence that supports the final decision of the Commissioner, as trier of fact. The court weighs four elements of proof to decide if there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) age, education, and work history. *Martinez*, 64 F.3d at 174 (citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (per curiam)). "The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Ripley*, 67 F.3d at 557. "If the ALJ does not satisfy [this] duty, [the] decision is not substantially justified." *Id.* Reversal of the ALJ's decision is appropriate, however, "only if the applicant shows that he was prejudiced." *Id.* The court will not overturn a procedurally imperfect administrative ruling unless the substantive rights of a party have been prejudiced. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997) (Fitzwater, J.).

III

The court first addresses Andablo's contention that the ALJ erroneously discounted Cary Bartlow's ("Bartlow's") vocational evaluation report. Bartlow administered a vocational rehabilitation evaluation at the request of Andablo's attorney for the purpose of determining Andablo's ability to engage in substantial gainful work activity. Bartlow concluded that Andablo was functionally illiterate and not capable of substantial gainful work activity. *See* R. 381. Andablo asserts that the ALJ discounted Bartlow's opinion by making two erroneous characterizations: Bartlow is not a vocational expert, and Bartlow did not conduct independent, objective testing.

The court holds that the ALJ did not commit reversible error in considering and weighing Bartlow's opinion. The ALJ complied with 20 C.F.R. § 404.1527 in considering the weight to give Bartlow's opinion, and offered a detailed explanation for why Bartlow's opinion merited less weight than the other experts' opinions. Bartlow was not a treating source. *See* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources[.]"). The ALJ found Bartlow's opinion to be not well supported or consistent with the medical evidence and other evidence in the record. *See* § 404.1527(c)(3)-(4). Bartlow's conclusions covered issues reserved to the Commissioner. *See* § 404.1527(d). And the ALJ did not entirely discount Bartlow's opinion, but considered it in light of the overall evidence, as required by § 404.1527(b).

Andablo contends that the ALJ erred in failing to recognize that Bartlow is a licensed vocational evaluator. The ALJ's statement that Andablo challenges does not support the

conclusion that the ALJ committed reversible error.  When explaining why less weight is accorded to medical opinions that address issues reserved to the Commissioner, the ALJ mentioned a general reason for such rule: "[T]he doctor is not a vocational expert; and, although a Dr. may opine that a claimant is 'disabled,' it is not usually clear that the doctor is familiar with the definition of 'disability' contained in the Social Security Act and regulations."  R. 16.  This general explanation of a rule does not support the conclusion that the ALJ failed to recognize that Bartlow was a licensed vocational evaluator.  And even assuming that the ALJ overlooked Bartlow's credentials, any error in doing so is not reversible because the ALJ considered Bartlow's opinion in light of the overall evidence and offered many independent bases for according the opinion less weight.

Andablo also maintains that the ALJ improperly considered Bartlow's testing not to be independent or objective.  The ALJ stated that Bartlow "is not a treating source, and has done no independent objective testing of claimant."  R. 13.  The ALJ offered no explanation for describing Bartlow's vocational evaluation as not independent or objective.  But the evaluation was not for treating purposes; it was conducted at the request of Andablo's attorney for the purpose of Andablo's disability insurance application.[2]  Assuming *arguendo* that the characterization of Bartlow's testing is inaccurate, any such error is harmless because the ALJ had independent bases for according Bartlow's opinion less weight: he was not a

---

[2]Although Bartlow conducted the evaluation in October 2008—before Andablo first applied for disability insurance in April 2009—Bartlow presumably thought that Andablo had already filed his application because Bartlow said so in the introduction to his report.

treating source, his opinion was inconsistent with the other evidence in the record, and his conclusions covered issues reserved to the Commissioner.

Furthermore, Andablo has failed to show reversible error given that the ALJ complied with § 404.1527 and thus committed no legal error in considering the weight to accord, and there is substantial evidence to support the ALJ's ultimate conclusion at step five. *See infra* § IV.

## IV

Andablo maintains that the ALJ erred at step five because his level of education renders him unable to perform the proposed employment.

### A

Andablo completed the seventh grade in Mexico and did not receive any additional education after arriving in the United States.  He learned English informally while working in the United States.  He testified at the hearing without an interpreter, although he noted, "My English is not that good."  R. 48.  His past relevant work as a carpenter, oil field hand, and groundskeeper was "semi-skilled."  Andablo points to the test results from the vocational evaluation that Bartlow conducted.  They show that Andablo performs arithmetic at a 5.9 grade level, spelling at a 3.0 grade level, reading comprehension at less than a 3.8 grade level, and can pronounce words at a 9.8 grade level.  He scored 69 on the IQ test, which is within the mentally retarded range of intelligence.

B

There is substantial evidence in the record to support the ALJ's finding that Andablo possesses the education required to perform the jobs proposed by the vocational expert ("VE"): construction survey worker, construction traffic clerk, or merchandise marker. The ALJ accounted for Andablo's education level by asking the VE to consider Andablo's education and work history when testifying about available employment. *See* R. 87 ("Let us assume that we have a hypothetical individual of the same age, education and work history as the claimant . . . . Given those limitations, would there be jobs available[?]"). The VE's opinion in response to the ALJ's hypothetical constitutes substantial evidence to support the ALJ's finding that relevant work is available for a person with Andablo's education level. *See, e.g., Morris v. Bowen*, 864 F.2d 333, 335-36 (5th Cir. 1988) ("The [Commissioner] can meet its burden to show the existence of employment for the applicant by pointing to testimony at the hearing that there are a number of jobs suited to the Appellant's capabilities which were available to him in his geographical locale.") (internal quotations omitted). Furthermore, Andablo's past relevant work included a semi-skilled job as a carpenter in the construction industry, which supports the conclusion that he has sufficient intelligence to perform at least the similar construction-industry jobs that the VE proposed.

C

Andablo contends that the ALJ failed to properly inquire into Andablo's intelligence and erroneously classified his education level.

1

The ALJ has a duty to develop facts fully and fairly, but reversal "is appropriate only if the applicant shows that he was prejudiced." *Ripley*, 67 F.3d at 557.  Andablo suffered no prejudice here because, despite the evidence of his low education, substantial evidence supports the ALJ's ultimate conclusion at step five that Andablo can perform the proposed work.  The ALJ also satisfied his duty to develop the facts fully and fairly.  Andablo did not raise his education or intelligence as a possible limitation during the ALJ proceedings.  He first asserted that his education was a limitation in his brief to the Appeals Council.  An ALJ's duty to investigate "does not extend to possible disabilities that are not alleged by the claimant or to those disabilities that are not clearly indicated on the record." *Leggett*, 67 F.3d at 566 ("Because [claimant] never raised the issue of mental impairment until this appeal, [he] cannot say that he put his mental impairments before the ALJ.").  In the situation here, the ALJ satisfied his duty by considering Bartlow's report and making a finding regarding Andablo's education level.

2

The ALJ also did not err in classifying Andablo's education level because substantial evidence supports the finding that he has a "limited" education level.  "Limited education" is defined as education beyond what is needed for simple, unskilled jobs, but not enough for

"most of the more complex job duties needed in semi-skilled or skilled jobs."  20 C.F.R.

§ 404.1564(b)(3).  "Limited education" is generally equivalent to a formal education between

seventh and eleventh grade.  *Id.*  "Marginal education" is the education necessary for simple,

unskilled jobs, and is generally equivalent to a sixth grade education or lower.  *See*

§ 404.1564(b)(2).

Although in Bartlow's evaluation Andablo scored below a seventh grade level, there

is substantial evidence supporting the ALJ's "limited education" classification.  Andablo

completed seventh grade and held three semi-skilled jobs in his relevant work history.

Moreover, his relevant history of performing semi-skilled work supports his education level

being above "marginal," because "marginal education" is defined as the education necessary

for simple, unskilled jobs.  *See id.*  Even assuming the ALJ improperly classified Andablo's

education level, such error would be harmless because education is merely one factor in

determining disability, and there is substantial evidence in the record to support the ALJ's

ultimate conclusion at step five.  *See, e.g., Perez*, 415 F.3d at 463 (stating that even if ALJ

erred in classifying claimant's education level, "education is just one of several factors that

this court must weigh in determining whether substantial evidence supports the ALJ's finding

that [claimant] was not disabled").

\*     \*     \*

For the reasons explained, the Commissioner's decision is AFFIRMED.

October 16, 2012.



_____
SIDNEY A. FITZWATER
CHIEF JUDGE